# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | 5:06-CV-156 (WDO) |
| | : | |
| One Bushmaster, Model XM15-E2S Rifle, Serial # L318238; | : | |
| | : | |
| One Harrington and Richardson, Model M1 Rifle, Serial # 5640469; | : | |
| | : | |
| One Springfield Armory, Model M1 Rifle, Serial # 3024488; | : | |
| | : | |
| One Remington Arms Company, Model 700 Rifle, Serial # 7812373; | : | |
| | : | |
| One Taurus International, Model PT100AFS Pistol, Serial # SXI17828, | : | |
| | : | |
| **Defendant Property** | : | |

## ORDER

Pursuant to the United States' Verified Complaint for Forfeiture, on February 3, 2006, Special Agent J.G. Bagwell was outside of Happy's Pawn Shop in Macon, Georgia investigating a matter that had been referred to him. S.A. Bagwell observed Thomas K. Young leave the pawn shop, get into his vehicle and drive away. S.A. Bagwell recognized Young because Young had been the subject of previous investigations for violation of firearms laws and knew that Young had been served with notice of unlicensed firearms

dealing. S.A. Bagwell followed Young to another pawn shop a short distance away where S.A. Bagwell observed Young looking in the area of the gun counter for several minutes. When Young left that pawn shop, S.A. Bagwell followed Young to a gun store where Young went inside and stayed for several minutes. When Young left the store and got into his vehicle, S.A. Bagwell blocked him from leaving and went to speak with Young. As he stood outside the driver's window of Young's vehicle, S.A. Bagwell could see what appeared to be several rifle barrels protruding from underneath a blanket on the back seat. S.A. Bagwell identified himself and asked Young to step out of the vehicle while they waited for the arrival of other officers S.A. Bagwell had requested come to the scene. S.A. Bagwell and TFA Malandrino interviewed Young who told them:

   a.  he had visited fifteen or twenty pawn shops and firearms dealers that day;
   b.  the firearms in his vehicle had been bought to trade or sell;
   c.  he thought he could legally sell the guns as long as he made no profit; and
   d.  he had no source of income.

S.A. Bagwell asked Young if he had sold any firearms that day and Young did not answer. Young did tell S.A. Bagwell that earlier that day he had obtained a handgun from a licensed dealer in exchange for several cases of Russian ammunition. Young also stated he had purchased the M1 rifles in his vehicle through a Department of Defense program. S.A. Bagwell searched Young's vehicle and found Defendant Property as well as an edition of the Blue Book of Guns Values.

Based on the foregoing facts, the United States filed the instant case alleging that

Young was engaged in the business of dealing firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) and that Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(3)(C). On May 16, 2006, copies of the Notice of Forfeiture, Verified Complaint for Forfeiture, Warrant of Arrest in Rem, Motion for Service by Publication and Proposed Order for Publication, were served on Thomas Young by certified mail number 7004 2510 0002 4432 7889 at 111 Old Union Cemetery Road, Wray, Georgia, 31798. The property was arrested and seized pursuant to a Warrant of Arrest In Rem on August 3, 2006 by an officer of the Bureau of Alcohol, Tobacco, Firearms and Explosives. The Process Receipt and Returns were filed with the Court on August 25, 2006. Pursuant to Rule C(4) of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims, the United States published notice of this forfeiture. An Affidavit of Publication was filed on August 25, 2006 specifying the details of this publication.

Pursuant to Rule C(6) of the Supplemental Rules, all potential claimants are required to file their claims with the Clerk of Court within 30 days of service of the complaint, or final date of the publication, whichever occurs first. On September 29, 2006, more than 30 days after the date on which he was to file a claim, Thomas Young sent a letter to the Court which the docket clerk filed as a claim in which Young stated that his firearms were confiscated while he was "trying to sell and trade some of [his] guns to local pawn and gun shops." Thomas Young failed to file an answer as required by Rule C(6)(a)(iii) within 20 days of filing his untimely "claim." No other person or entity has filed a claim or answer concerning the property in this action. The time for filing claims and answers has now expired. The

3

United States has therefore filed a motion requesting that the Court enter a Final Order of Forfeiture forfeiting the Defendant Property to the United States to be disposed of in accordance with the law.

In the case at bar, there is probable cause to believe that the firearms listed in the amended verified complaint were intended to be used in a wilful violation of a criminal law of the United States, to wit, 18 U.S.C. § 922(a)(1) which prohibits engaging in a firearms business without a license. United States v. Fifty-Two Firearms, 362 F.Supp.2d 1308, 1314-1315 (M.D. Fla. 2005). In a criminal case from this circuit where a defendant was charged with dealing in firearms without a license, the court described the statutes implicated herein as requiring a determination of whether an accused had guns on hand or was ready and able to procure them for the purpose of selling them from time to time to such persons as might be accepted as customers. United States v. Berry, 644 F.2d 1034, 1037 (5th Cir. May 11, 1981). See also United States v. Burgos, 720 F.2d 1520, 1527 n.8 (11th Cir. 1983) ("The government must show a greater degree of activity than the occasional sale of a hobbyist. In this case the record establishes appellant's possession of a large supply of illegally purchased firearms and his willingness to sell and ship these firearms. This indicates a type of activity far greater than that engaged in by a hobbyist.") (citation omitted). The United States has therefore met even the higher criminal standard of proof for violation of § 922 - that Thomas Young was acquiring an unusually large quantity of weapons quickly for the purpose of selling or trading them to someone when he did not have a license to sell firearms. Young failed to present any argument or evidence that contradicts or in any way refutes the

4

evidence submitted by the United States. The defendant property is therefore subject to forfeiture pursuant to 18 U.S.C. §§ 922 & 924.

**SO ORDERED this 5th of December 2006.**


**S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE**